IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT – EASTERN DIVISION

| | |
|---|---|
| MAXUM CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NAPLETON'S SCHAUMBURG SUBARU, INC., d/b/a STEVE NAPLETON AUTO GROUP; NAPLETON SCHUAMBURG MOTORS, INC., d/b/a SCHAUMBURG MAZDA; and JOYA I. MORALES,<br><br>Defendants. | Case No. |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, Maxum Casualty Insurance Company ("Plaintiff" or "Maxum"), by its attorneys, Anjali C. Das, Michael J. O'Malley, and Mark J. Sliwinski of Wilson Elser Moskowitz Edelman & Dicker LLP, and for its Complaint for Declaratory Judgment against Defendants, Napleton's Schaumburg Subaru, Inc. d/b/a Steve Napleton Auto Group ("Napleton Auto Group"), Napleton Schaumburg Motors, Inc., d/b/a Schaumburg Mazda ("Schaumburg Mazda") (collectively, Napleton Auto Group and Schaumburg Mazda are referred to as "Napleton Auto"), and Joya I. Morales ("Morales"), states as follows:

### STATEMENT OF THE CASE

1. This action seeks a declaration that Maxum owes no insurance coverage obligations to Napleton Auto in connection with a lawsuit styled *Joya I. Morales v. Napleton's Schaumburg Subaru, Inc., d/b/a Steve Napleton Auto Group, et al.*, Case No.: 1:19-cv-03348, in the United States District Court for the Northern District of Illinois (the "Underlying Action").

2759817v.1

## PARTIES

2. Maxum is an insurance company formed under the laws of the State of Connecticut with its principal place of business in Georgia. Maxum conducts business in Illinois and within the geographical boundaries of this District.

3. Napleton Auto Group is a corporation formed under the laws of the State of Illinois with its principal place of business in Illinois. Napleton Auto Group conducts business in Illinois and within the geographical boundaries of this District.

4. Schaumburg Mazda is a corporation formed under the laws of the State of Illinois with its principal place of business in Illinois. Schaumburg Mazda conducts business in Illinois and within the geographical boundaries of this District.

5. Morales is a citizen and resident of the State of Illinois. Morales is joined herein solely as an interested party to be bound by the judgment of the Court.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00 exclusive of costs and interest and the citizenship of Plaintiff is different than the citizenship of each defendant.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391 as the case concerns insurance coverage for a suit pending within the geographical boundaries of this District and the parties conduct business in this District.

## FACTS

8. On May 17, 2019, Morales filed the Underlying Action against Napleton Auto, Joseph T. Snyder & Associates, Ltd., d/b/a Snyder Insurance & Financial Services, and Metropolitan Life Insurance Company.

9. A copy of Morales' Complaint in the Underlying Action is attached hereto as Exhibit A.

10. The Underlying Action concerns certain alleged violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C § 1001, *et seq.* ("ERISA").

11. Maxum issued a Management Liability Insurance Policy to "Steve Napleton Automotive Group" bearing policy number MLA-6033800-01 with a policy period of December 1, 2018 to December 1, 2019 (the "Policy").

12. A copy of the Policy, with the premium redacted, is attached hereto as Exhibit B.

13. The Policy added several entities as "Insured Entities" under the Policy, including Napleton Schaumburg Subaru (*i.e.* Napleton Auto Group), and Napleton's Schaumburg Motors Inc. DBA Schaumburg Mazda (*i.e.* Schaumburg Mazda).

14. The Policy provides Employment Practices Liability Insurance ("EPL"), stating, in part:

**SECTION I. – INSURING AGREEMENT**

**Employment Practices Liability Insurance**

This "Policy" shall pay on behalf of the "Insureds" all "Loss" arising from any "Claim" first made against the "Insureds" during the "Policy Period" and reported to the "Insurer" in writing during the "Policy Period" or within 90 days thereafter, for any actual or alleged "Wrongful Act".

\* \* \*

**SECTION III. – DEFINITIONS**

In addition to the Definitions listed in section III. of the Common Policy Terms and Conditions Section of this "Policy", defined terms are in quotation marks throughout this "Policy" and may be used in either the singular or plural as appropriate.

\* \* \*

3

2759817v.1

H. "Wrongful Act" means a "Wrongful Employment Act".

I. "Wrongful Employment Act" means:

1. Any actual or alleged act by an "Insured" arising from an actual or potential employment relationship with the claimant for discrimination or "Harassment" because of race, color, religion, age, sex, disability, pregnancy, national origin, sexual orientation, marital status, or any other basis prohibited by law which:

   a. Results in termination of the employment relationship, or demotion or failure or refusal to hire or promote, or failure to accommodate an "Employee" or potential "Employee", or denial of an employment privilege, or the taking of any adverse or differential employment action, or

   b. Creates a hostile or offensive work environment that interferes with work performance, or

2. Any actual or alleged act by an "Insured" arising from an actual or potential employment relationship with the claimant for sexual "Harassment" including unwelcome sexual advances, requests for sexual favors or other verbal or physical conduct of a sexual nature that is made a condition of employment, is used as a basis for employment decisions, or creates an intimidating, hostile or offensive work environment that interferes with work performance, or

3. Any actual or alleged act by an "Insured" arising from an actual or potential employment relationship with the claimant for termination, constructive discharge, wrongful failure to hire, wrongful demotion, negligent retention, negligent supervisions, negligent hiring, retaliation, misrepresentation, infliction of emotional distress, defamation, invasion of privacy, humiliation, wrongful evaluation, or breach of any implied contract or implied agreement relating to employment arising out of any personnel manual of the "Insured Entity", policy statement or oral representation.

\* \* \*

4

**SECTION IV. – EXCLUSIONS**

In addition to the Exclusions listed in section IV. of the Common Policy Terms and Conditions Section of this "Policy", the "Insurer" shall not be liable to make any payment for "Loss" in connection with a "Claim" made against any "Insured":

\* \* \*

B. for any actual or alleged violation of the Employee Retirement Income Security Act of 1974, including amendments thereto, or any similar provisions of the state statutory law or common law;

\* \* \*

15. The Policy also extends coverage through a Third Party Wrongful Act Endorsement, which states, in part:

> In consideration of the premium paid for this "Policy", it is understood and agreed that:
>
> \* \* \*
>
> 2. Solely for the purpose of the coverage provided by this endorsement for any "Third Party Wrongful Act", section III. Definitions H. "Wrongful Act" of the Employment Practices Liability Insurance Coverage Section of this "Policy" is deleted in its entirety and replaced with the following:
>
> III.H.:  "Wrongful Act" means "Third Party Wrongful Act".
>
> 3. Solely for the purpose of the coverage provided by this endorsement for any "Third Party Wrongful Act", section III. Definitions of the Employment Practices Liability Insurance Coverage Section of this "Policy" is amended by the addition of the following:
>
> III: "Third Party Wrongful Act" means:
>
>> 1. Any actual or alleged discrimination prohibited by law, or
>> 2. Any actual or alleged harassment on the basis of race, color, religion, age, sex, disability, pregnancy, national origin, sexual orientation or marital status;

2759817v.1

>Alleged to have been committed by an "Insured" against a natural person(s) other than an "Employee" or applicant for employment with the "Insured Entity".

* * *

16. On June 13, 2019, Napleton Auto demanded Maxum defend and indemnify Napleton Auto in the Underlying Action under the Policy.

17. Maxum denies it owes Napleton Auto any defense or indemnity obligation with respect to the claims in the Underlying Action under the Policy.

18. An actual and justiciable controversy exists between Maxum, on the one hand, and Napleton Auto, on the other hand, as to the availability of insurance coverage for Napleton Auto with respect to the claims in the Underlying Action under the Policy, and, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

**COUNT I**
**EPL Coverage Form – No "Wrongful Employment Act"**

19. Maxum incorporates and restates the allegations of Paragraphs 1 through 18 above as if fully set forth herein.

20. Subject to all of its terms, the Policy provides Maxum will pay "all 'Loss' arising from any 'Claim' first made against the 'Insureds' during the 'Policy Period' and reported to the 'Insurer' in writing during the 'Policy Period' or within 90 days thereafter, for any actual or alleged 'Wrongful Act'."

21. The EPL Coverage Form defines a "Wrongful Act" as a "Wrongful Employment Act."

22. Morales does not complain about any "Wrongful Employment Act" in the Underlying Action, as that term is defined under the EPL Coverage Form of the Policy.

23. Accordingly, Maxum does not owe any defense or indemnity obligation to Napleton Auto under the Policy with respect to the Underlying Action.

WHEREFORE, Plaintiff, Maxum Casualty Insurance Company, prays that this Court enter the following relief:

A. A declaration finding that Maxum owes no duty to defend or indemnify Napleton Auto for the claims in the Underlying Action under the Policy; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT II
### Third Party Wrongful Act Endorsement – No "Third Party Wrongful Act"

24. Maxum incorporates and restates the allegations of Paragraphs 1 through 18 above as if fully set forth herein.

25. Subject to all of its terms, the Policy provides Maxum will pay "all 'Loss' arising from any 'Claim' first made against the 'Insureds' during the 'Policy Period' and reported to the 'Insurer' in writing during the 'Policy Period' or within 90 days thereafter, for any actual or alleged 'Wrongful Act'."

26. The Third Party Wrongful Act Endorsement defines a "Wrongful Act" as a "Third Party Wrongful Act."

27. Morales does not complain about any "Third Party Wrongful Act" in the Underlying Action, as that term is defined under the Third Party Wrongful Act Endorsement of the Policy.

28. Therefore, Maxum does not owe any defense or indemnity obligation to Napleton Auto under the Policy with respect to the Underlying Action.

WHEREFORE, Plaintiff, Maxum Casualty Insurance Company, prays that this Court enter the following relief:

    A.    A declaration finding that Maxum owes no duty to defend or indemnify Napleton Auto for the claims in the Underlying Action under the Policy; and

    B.    For all such just and equitable relief, including costs of this suit.

## COUNT III
### ERISA Exclusion Bars Coverage

29.    Maxum incorporates and restates the allegations of Paragraphs 1 through 18 above as if fully set forth herein.

30.    Subject to all of its terms, the Policy provides Maxum "shall not be liable to make any payment for 'Loss' in connection with a 'Claim' made against any 'Insured' for any actual or alleged violation of the Employee Retirement Income Security Act of 1974, including amendments thereto, or any similar provisions of the state statutory law or common law."

31.    The Underlying Action only asserts causes of action for violations of ERISA, and thus falls within the referenced ERISA Exclusion.

32.    Consequently, Maxum does not owe any defense or indemnity obligation to Napleton Auto under the Policy with respect to the Underlying Action.

WHEREFORE, Plaintiff, Maxum Casualty Insurance Company, prays that this Court enter the following relief:

    A.    A declaration finding that Maxum owes no duty to defend or indemnify Napleton Auto for the claims in the Underlying Action under the Policy; and

    B.    For all such just and equitable relief, including costs of this suit.

2759817v.1

Respectfully Submitted,

By: /s/ Mark J. Sliwinski
    One of the Attorneys for Maxum Casualty
    Insurance Company

Anjali C. Das (6215943) – Anjali.Das@wilsonelser.com
Michael J. O'Malley (6308059) – Michael.O'Malley@wilsonelser.com
Mark J. Sliwinski (6314019) – Mark.Sliwinski@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603
(312) 704-0550
(312) 704-1522 (fax)

2759817v.1